UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERRY LAIRD RANSON,

    Plaintiff,

v.                                                    CASE NO. 8:25-cv-592-SDM-AEP

PASCO COUNTY CLERK, *et. al.*,

    Defendants.

_____/

**ORDER**

    Ranson files a paper without specifying in the caption whether he pursues a civil rights action or applies for the writ of habeas corpus. Ranson neither pays the required filing fee nor moves for leave to proceed *in forma pauperis*. Although exceedingly difficult to read, Ranson appears to request relief that is available under both types of action. Nevertheless, Ranson can proceed with neither type of action.

    First, Ranson is barred from proceeding *in forma pauperis* with a civil rights action because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Ranson's actions that qualify as a "strike" under Section 1915(g) include *Ranson v. Christian Ministries*, 8:04-cv-801-SDM-TBM; *Ranson v. Ranson*, 8:06-cv-2215-JSM-TGW; and *Ranson* v. *McCullugh*, 3:09-cv-599-MMH-MCR, each of which was dismissed based on the "three-strikes" provision in Section 1915(g) based on Ranson's numerous previous cases.

Second, under a judgment from the Sixth Judicial Circuit in Pasco County, Florida, Ranson is imprisoned for life for robbery with a gun or deadly weapon. He is barred from challenging his state court conviction with a writ of habeas corpus under Section 2254 because he challenged this same conviction in 8:08-cv-2314-SDM-TGW. Ranson cannot pursue a "second or successive" application without permission from the circuit court of appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Ranson was previously advised — most recently in 8:22-cv-336-SDM-JSS — that he cannot pursue a "second or successive" application.

Under Section 1915(g), the construed complaint (Doc. 1) is **DISMISSED** without prejudice to a new action, a new case number, and the payment of the $405.00 filing fee, and, alternatively, under Section 2244(b)(3)(A), the construed application (Doc. 1) is **DISMISSED** as an unauthorized second or successive application. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on March 19, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE